**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 31, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

ADRIAN MESTAS,

        Petitioner - Appellant,

    v.

ARISTEDES ZAVARAS, Executive
Director of CDOC; KEVIN
MILYARD, Warden; THE
ATTORNEY GENERAL OF THE
STATE OF COLORADO,

        Respondents - Appellees.

No. 10-1458
(D. Colorado)
(D.C. No. 1:10-CV-01519-ZLW)

---

**ORDER DENYING CERTIFICATE**
**OF APPEALABILITY**

---

Before **MURPHY**, **GORSUCH,** and **HOLMES**, Circuit Judges.

---

Proceeding *pro se*, Adrian Mestas seeks a certificate of appealability

("COA") from this court so he can appeal the district court's denial of his 28

U.S.C. § 2254 habeas petition. *See* 28 U.S.C. § 2253(c)(1)(A) (providing no

appeal may be taken from a final order disposing of a § 2254 petition unless the

petitioner first obtains a COA). Because Mestas has not "made a substantial

showing of the denial of a constitutional right," this court **denies** his request for a

COA and **dismisses** this appeal. *Id*. § 2253(c)(2). Mestas's request to proceed *in*

*forma pauperis* on appeal is **granted**.

In 2007, Mestas pleaded guilty to a Colorado state charge of first degree assault with a deadly weapon. He was sentenced to thirty-two years' imprisonment to be followed by five years of parole. Mestas did not appeal either his conviction or his sentence. He did, however, file a motion for post-conviction relief pursuant to Colo. R. Crim. P. 35(c), asserting the following three claims: (1) the trial court erred by accepting his plea without first determining if there was a factual basis for it; (2) the state criminal statute under which he was convicted violates the equal protection clauses of both the federal and the Colorado state constitutions; and (3) the sentence he received was disproportionate to the crime he committed. In an order dated November 27, 2007, the state district court denied Mestas's motion. Mestas did not appeal that ruling.

In February 2008, Mestas filed a second motion for post-conviction relief. When this motion was also denied, Mestas sought to appeal both orders. The Colorado Court of Appeals concluded the appeal from the 2007 order was untimely. The Court of Appeals refused to consider the appeal from the 2008 order, concluding the second post-conviction motion was successive. *See* Colo. R. Crim. P. 35(c)(3)(VI).

Mestas filed the instant § 2254 habeas petition on June 28, 2010. In his petition, Mestas raised the same three claims of error previously presented to the Colorado state courts. The federal district court concluded Mestas's claims were

all procedurally defaulted in Colorado state court and determined the state procedural bar was independent and adequate. The district court concluded it was procedurally barred from considering Mestas's claims because he failed to show cause for the default and actual prejudice or that the failure to review his claims would result in a fundamental miscarriage of justice. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

This court cannot grant Mestas a COA unless he can demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotations omitted). In evaluating whether Mestas has carried his burden, this court undertakes "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of his claims. *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003). Mestas is not required to demonstrate that his appeal will succeed to be entitled to a COA. He must, however, "prove something more than the absence of frivolity or the existence of mere good faith." *Id.* (quotations omitted).

This court has reviewed Mestas's application for a COA and appellate brief, the district court's order, and the entire record on appeal pursuant to the framework set out by the Supreme Court in *Miller-El* and concludes Mestas is not entitled to a COA. The district court's resolution of Mestas's claims is not

reasonably subject to debate and the claims are not adequate to deserve further proceedings.

Because Mestas has not "made a substantial showing of the denial of a constitutional right," he is not entitled to a COA. 28 U.S.C. § 2253(c)(2). Accordingly, this court **denies** Mestas's request for a COA and **dismisses** this appeal.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge